# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

OCTALUNA III, LLC, and ARK II CLO 2001-1, LTD.,

               Plaintiffs,

-against-

LIBERTAS COPPER, LLC,

               Defendant.

Index No. _____

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT**:

**YOU ARE HEREBY SUMMONED** and required to appear in this action and to answer the accompanying Notice of Motion, served in lieu of a complaint, by serving a copy of your answering papers on the undersigned attorneys for Plaintiffs Octaluna III, LLC and Ark II CLO 2001-1, Ltd., not later than ten (10) days prior to July 24, 2020, the date for which such motion is noticed. Upon your failure to answer, a default judgment will be taken against you for the relief demanded in the Notice of Motion, including damages, contractual and statutory interest, reasonable attorneys' fees and the costs and disbursements of this action. The nature of this action is default of promissory notes/breach of contract. Plaintiffs designate New York County as the place of venue under CPLR § 503(a) and pursuant to the Promissory Notes underlying this action.

Dated: New York, New York
        June 23, 2020

                    SHER TREMONTE LLP


                    By: /s/ Theresa Trzaskoma
                         Theresa Trzaskoma
                         Kimo S. Peluso
                         Jennifer X. Luo
                    90 Broad Street, 23rd Floor
                    New York, New York 10004
                    Tel:  (212) 202-2600
                    ttrzaskoma@shertremonte.com
                    kpeluso@shertremonte.com
                    jluo@shertremonte.com


                    *Attorneys for Plaintiffs Octaluna III, LLC and Ark
                    II CLO 2001-1, Ltd.*


TO:    Libertas Copper, LLC
       100 Washington Street
       Leetsdale, PA 15056

SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF NEW YORK

OCTALUNA III, LLC, and ARK II CLO 2001-1,
LTD.,

                              Plaintiffs,

-against-

LIBERTAS COPPER, LLC,

                              Defendant.

Index No. _____

**NOTICE OF MOTION FOR
SUMMARY JUDGMENT
<u>IN LIEU OF COMPLAINT</u>**

PLEASE TAKE NOTICE THAT, upon the annexed Affidavit of Lynn Tilton, dated June

22, 2020, and the exhibits attached thereto, and the accompanying Memorandum of Law,

Plaintiffs Octaluna III, LLC and Ark II CLO 2001-1, Ltd. (together, "Plaintiffs"), through their

attorneys Sher Tremonte LLP, will move this Court in the Motion Submission Part Courtroom,

Room 130, at the courthouse located at 60 Centre Street, New York, New York 10007, on the

24th day of July, 2020, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an order,

under Civil Practice Law & Rules ("CPLR") § 3213, granting summary judgment in favor of

Plaintiffs and against Defendant Libertas Copper, LLC ("Libertas"), and granting to Plaintiffs

such other and further relief as is just and proper.

This is an action based upon instruments for the payment of money only, specifically,

two Promissory Notes issued by Libertas in favor of Plaintiffs.

Case 1:20-cv-05547-ALC   Document 1-1   Filed 07/17/20   Page 5 of 30

PLEASE TAKE FURTHER NOTICE that, pursuant to CPLR § 3213, answering papers, if any, shall be served upon the undersigned counsel for Plaintiffs so as to be received no later than ten (10) days before the return date of this motion.

Dated: New York, New York
      June 23, 2020

**SHER TREMONTE LLP**

By: /s/ Theresa Trzaskoma
    Theresa Trzaskoma
    Kimo S. Peluso
    Jennifer X. Luo
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: (212) 202-2600
ttrzaskoma@shertremonte.com
kpeluso@shertremonte.com
jluo@shertremonte.com

*Attorneys for Plaintiffs Octaluna III, LLC and Ark II CLO 2001-1, Ltd.*

TO:    Libertas Copper, LLC
        100 Washington Street
        Leetsdale, PA 15056

2

Case 1:20-cv-05547-ALC   Document 1-1   Filed 07/17/20   Page 6 of 30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

OCTALUNA III, LLC, and ARK II CLO 2001-1,
LTD.,

                              Plaintiffs,

-against-

LIBERTAS COPPER, LLC,

                              Defendants.

Index No. _____

**AFFIDAVIT OF LYNN TILTON IN
SUPPORT OF OCTALUNA III,
LLC'S AND ARK II CLO 2001-1,
LTD.'S MOTION FOR SUMMARY
JUDGMENT IN LIEU OF
COMPLAINT**

COUNTY OF NEW YORK  )
                    ) ss.
STATE OF NEW YORK   )

LYNN TILTON, being duly sworn, deposes and says:

1.      I am the Manager and ultimate owner of Plaintiff Octaluna III, LLC ("Octaluna III") and the sole Director and ultimate owner of Plaintiff Ark II CLO 2001-1, Ltd. ("Ark II," and together with Octaluna III, "Plaintiffs").

2.      I submit this Affidavit in support of Plaintiffs' Motion for Summary Judgment in Lieu of Complaint.

3.      I have personal knowledge of the issues discussed herein.

**Defendant Enters into the Promissory Notes**

4.      Libertas Copper, LLC ("Libertas") is a Delaware limited liability company with its principal place of business in Leetsdale, Pennsylvania. Libertas does business as "Hussey Copper" and is a manufacturer of coppers and copper-nickel alloys. John Harrington is the Chief Executive Officer of Libertas. Libertas is not registered with New York's Division of Corporations.

5.      Octaluna III is a Delaware limited liability company with its principal place of business in New York County, New York. Ark II is a Cayman Islands limited company with its principal place of business in New York County, New York.

6.      Libertas failed to make certain mandatory tax distributions to Octaluna III and Ark II for the tax year 2018.

7.      In June 2019, Libertas executed a Promissory Note in favor of Octaluna III in connection with outstanding and unpaid mandatory tax distribution obligations in the amount of $530,269. A true and correct copy of the Octaluna III Promissory Note is attached hereto as **Exhibit A**.

8.      In June 2019, Libertas executed a Promissory Note in favor of Ark II in connection with outstanding and unpaid mandatory tax distribution obligations in the amount of $110,133. A true and correct copy of the Ark II Promissory Note is attached hereto as **Exhibit B**.

9.      Under the terms of both Promissory Notes, Libertas was obligated to repay the entire amount of principal due on both Notes by the Due Date, September 1, 2019.

**Defendant Defaults on Its Payment Obligations Under the Notes in Suit**

10.      Despite demands for payment, Libertas has failed to pay the principal sums under the Promissory Notes. Specifically, Libertas failed to pay the principal sum of $530,269 due on the Octaluna III Promissory Note and failed to pay the principal sum of $110,133 due on the Ark II Promissory Note.

11.      Libertas has also failed to pay interest due on the Promissory Notes accruing at "the prime rate (as published in the print version of the Wall Street Journal from time to time) plus three percent (3%) per annum, accruing daily" for principal amounts remaining unpaid by the Due Date, September 1, 2019. Ex. A at 1, Ex. B. at 1. As of June 17, 2020, the principal due

under the Octaluna III Promissory Note has accrued $31,249 in interest, and the principal due

under the Ark II Promissory Note has accrued $6,490 in interest.

12.      Currently, the total principal sum that remains outstanding under the Notes

between Libertas and Plaintiffs is $640,402. The accrued and outstanding interest due under the

Notes as of June 17, 2020 is $37,739.

**Libertas Does Not Have Counterclaims Against Plaintiffs**

13.      Libertas has not asserted, nor upon information and belief does it have, any

counterclaims against either Octaluna III or Ark II.

Dated: New York, New York
      June 22, 2020

Lynn Tilton

Subscribed and sworn to before me this
22nd day of June, 2020

Notary Public

CARLOS E MERCADO
Notary Public, State of New York
No. 01ME6154614
Qualified in Kings County
Commission Expires October 23, 20 22

3

# Exhibit A

PROMISSORY NOTE

Holder: OCTALUNA III, LLC                            New York, New York
Principal Amount: $530,269                               June 28, 2019

FOR VALUE RECEIVED, the undersigned, LIBERTAS COPPER, LLC, a Delaware limited liability company (the "*Obligor*"), hereby promises to pay to the order of the Holder set forth above (the "*Holder*") the Principal Amount set forth above in full at the earliest possible date but in any event not later than September 1, 2019 (the "**Due Date**"). The Obligor acknowledges and agrees that it is obligated to pay Holder the Principal Amount as part of the tax distribution amount due to Holder based on IRS Form K1 submitted for the tax periods January 1, 2018 to December 31, 2018 (the "*Tax Distribution Obligation*"). No amount owing hereunder shall bear interest except when any amount payable hereunder shall not be paid by the Due Date hereunder, in which case the amount past due hereunder shall bear interest at the prime rate (as published in the print version of the Wall Street Journal from time to time) plus three percent (3%) *per annum*, accruing daily, calculated on the basis of a 360-days year for actual days elapsed, and due and payable daily in arrears. Each determination by the Holder of an interest rate hereunder shall be conclusive and binding absent manifest error. Notwithstanding the foregoing, the interest rate applicable hereunder shall not exceed the maximum rate permitted by applicable law.

From and after the date all amounts owing under this Note are repaid in full, all rights of the Holder shall cease with respect hereto (other than any indemnification rights set forth below). The Obligor agrees that, so long as any amounts shall be due hereunder, it shall comply with the covenants set forth herein. The Obligor agrees to pay on demand all stamp and other taxes (other than withholding taxes and taxes imposed on, or measured by, net income or overall gross receipts and capital and franchise taxes) payable in connection with the execution and delivery of this Note and all reasonable costs and expenses in connection with the preparation, execution, delivery, administration, modification, amendment, refinancing, restructuring or enforcement of or in commencing, defending or intervening in any litigation or in filing any pleading in legal proceedings relating to, this Note or the transactions contemplated hereby (including, without limitation, reasonable expenses of counsel).

The Obligor hereby represents and warrants that (a) it is duly organized as a limited liability company, validly existing and in good standing under the laws of the State of Delaware, is duly qualified as a foreign corporation and in good standing under the law of any jurisdiction where it is conducting its business and has the corporate power and authority to transact the business in which it is now engaged or proposes to be engaged, (b) the execution, delivery and performance by it of its obligations hereunder have been duly authorized by all necessary actions and will not contravene its organizational documents, violate any legal requirement, require any filing with (or the approval of) any governmental authority, require the consent of any person (other than those lawfully obtained prior to the date hereof) and will not result in a breach or constitute a default under any material contractual obligation to which it is a party or by which its properties are bound, (c) this Note has been duly executed and delivered and constitutes the legal, valid and binding obligation of the Obligor, enforceable against it in accordance with its terms except as such enforcement may be limited by general principles of equity and applicable bankruptcy, insolvency and similar legal requirements affecting creditors' rights and remedies generally.

If (i) the Obligor shall fail to make the payment by the Due Date, (ii) the Obligor shall fail to comply with any covenant set forth above (or any other provision hereof or thereof)

FILED: NEW YORK COUNTY CLERK 06/23/2020 02:18 PM    INDEX NO. 652656/2020
NYSCEF DOC. NO. 4    Case 1:20-cv-05547-ALC    Document 1-1    Filed 07/17/20    Page 11 of 30    RECEIVED NYSCEF: 06/23/2020

PROMISSORY NOTE OF LIBERTAS COPPER, LLC

or any of the representations and warranties set forth above shall be untrue when made (unless, in each case, such failure is cured within 30 days of the occurrence thereof), or (iii) the Obligor shall, or shall take any corporate action to obtain authorization to, (1) make an assignment for the benefit of its creditors, (2) generally not pay its debts as they become due or (3) petition, apply, consent or be party to any voluntary or involuntary proceeding under (or any decree or order for relief in respect of the Obligor, including, without limitation, a winding up, dissolution or split-up of the Obligor, shall be entered under) any bankruptcy, reorganization, compromise, arrangement, insolvency, readjustment of debt, dissolution, liquidation or similar legal requirements and, in the case of any such proceeding against (but not instituted by) the Obligor, such proceeding shall remain undismissed or unstayed for 45 days or any of the actions sought therein shall occur, or (iv) any interest in all or substantial part of the assets of the Obligor are condemned, seized or appropriated by any governmental authority, (v) any provision of this Note shall cease to be valid, binding or enforceable, (vi) one or more final, non-appealable material judgments or orders shall be entered against the Obligor in excess of $100,000.00, or (vii) any event or condition shall exist if the effect of such event or condition is to permit any indebtedness of the Obligor (other than the Tax Distribution Obligation) in excess of $100,000.00 to be accelerated and become due prior to the maturity date thereof (each an "*Event of Default*"), *then*, immediately upon notice from the Holder (except in the case of *clause (iii)* above, in which case no such notice shall be required hereunder) the entire Principal Amount, together with all interest accrued to such date and any other amounts owing hereunder shall immediately become due and payable. Each remedy of the Holder shall be cumulative and not exclusive, and no failure to exercise, and no delay in exercise, or single or partial exercise of, any right or remedy of the Holder, shall preclude any further or other exercise of any right or remedy thereof.

The Obligor agrees to indemnify the Holder from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits and reasonable, documented, out-of-pocket cost, expenses and disbursements of any kind or nature whatsoever which may be imposed on, incurred by, or asserted against the Holder or its affiliates or any of their respective stockholders, directors, officers, agents, attorneys, trustees and employees, or any of their successors and assigns (collectively, the "*Indemnitees*") in any way relating to or arising out of this Note (other than the preparation thereof) or any related transaction (whether actual or proposed), or any action taken or omitted by the Holder hereunder; provided, that the Obligor shall not be liable for any portion of such liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements resulting from the gross negligence or willful misconduct of such Indemnitee as determined in a final, non-appealable judgment by a court of competent jurisdiction. This paragraph shall survive the repayment of this Note.

Demand, diligence, presentment, protest, notice of dishonor and notice of non-payment are hereby waived by the Obligor. This Note (i) shall be deemed to have been issued under, and shall be governed by and construed in accordance with, the laws of the State of New York, (ii) has been executed in the English language, and the English text shall prevail over any translation, (iii) is for the exclusive benefit of the parties hereto and their successors (and, if permitted, assigns) and constitutes the entire agreement of such parties, superseding all prior agreements among them, with respect to the subject matter hereof, (iv) may be modified, waived or assigned only by a writing signed by the Holder and the Obligor (and any attempt to assign this Note without such writing shall be null and void), (v) may be executed in counterparts, which may be transmitted by fax or e-mail and which, together, shall constitute one and the same instrument and (vi) is a negotiated document, entered into freely among the parties upon advice of their own counsel, and it should not be construed against any of its drafters. The fact that any term or provision of this Note is held invalid, illegal or unenforceable as to any person in any situation in any jurisdiction shall not affect the validity, enforceability or legality of the remaining

terms or provisions hereof or the validity, enforceability or legality of such offending term or provision in any other situation or jurisdiction or as applied to any person. Each party hereto hereby irrevocably submits to the non-exclusive jurisdiction of the courts located in the City of New York, Borough of Manhattan (and the appropriate appellate courts) and hereby irrevocably and unconditionally (x) waives (1) any objection to the laying of venue in any such court for any claim, action or proceeding directly or indirectly with respect to, arising out of or relating to this Note or the actions of the parties hereto or any of their affiliates or representatives in the negotiation, performance or enforcement of this letter agreement or the Tax Distribution Obligation and **(2) any right to trial by jury with respect to any such claim, action or proceeding** and (y) consents to service of process in any such action or proceeding by, in addition to any other means otherwise permitted by law, the mailing of copies of such process at its address specified herein.

[SIGNATURE PAGES FOLLOW]

IN WITNESS WHEREOF, the Obligor has caused this Note to be executed and delivered by its duly authorized officer as of the day and year and at the place set forth above.

LIBERTAS COPPER, LLC

By: _____
Name: John Harrington
Title: Chief Executive Officer

Address for Notices:

100 Washington Street
Leetsdale, PA 15056

ACCEPTED AND AGREED
AS OF THE DATE FIRST ABOVE WRITTEN:

OCTALUNA III, LLC
By:  Patriarch Partners XV, LLC,
its Managing Member

By: _____
Name: Lynn Tilton
Title:  Manager

Address for Notices:

One Liberty Plaza, 35th Floor
New York, NY 10006

# Exhibit B

PROMISSORY NOTE

Holder: ARKII CLO 2001-1, LTD.                    New York, New York
Principal Amount: $110,133                         June 28, 2019

FOR VALUE RECEIVED, the undersigned, LIBERTAS COPPER, LLC, a Delaware limited liability company (the "*Obligor*"), hereby promises to pay to the order of the Holder set forth above (the "*Holder*") the Principal Amount set forth above in full at the earliest possible date but in any event not later than September 1, 2019 (the "**Due Date**"). The Obligor acknowledges and agrees that it is obligated to pay Holder the Principal Amount as part of the tax distribution amount due to Holder based on IRS Form K1 submitted for the tax periods January 1, 2018 to December 31, 2018 (the "*Tax Distribution Obligation*"). No amount owing hereunder shall bear interest except when any amount payable hereunder shall not be paid by the Due Date hereunder, in which case the amount past due hereunder shall bear interest at the prime rate (as published in the print version of the Wall Street Journal from time to time) plus three percent (3%) *per annum*, accruing daily, calculated on the basis of a 360-days year for actual days elapsed, and due and payable daily in arrears. Each determination by the Holder of an interest rate hereunder shall be conclusive and binding absent manifest error. Notwithstanding the foregoing, the interest rate applicable hereunder shall not exceed the maximum rate permitted by applicable law.

From and after the date all amounts owing under this Note are repaid in full, all rights of the Holder shall cease with respect hereto (other than any indemnification rights set forth below). The Obligor agrees that, so long as any amounts shall be due hereunder, it shall comply with the covenants set forth herein. The Obligor agrees to pay on demand all stamp and other taxes (other than withholding taxes and taxes imposed on, or measured by, net income or overall gross receipts and capital and franchise taxes) payable in connection with the execution and delivery of this Note and all reasonable costs and expenses in connection with the preparation, execution, delivery, administration, modification, amendment, refinancing, restructuring or enforcement of or in commencing, defending or intervening in any litigation or in filing any pleading in legal proceedings relating to, this Note or the transactions contemplated hereby (including, without limitation, reasonable expenses of counsel).

The Obligor hereby represents and warrants that (a) it is duly organized as a limited liability company, validly existing and in good standing under the laws of the State of Delaware, is duly qualified as a foreign corporation and in good standing under the law of any jurisdiction where it is conducting its business and has the corporate power and authority to transact the business in which it is now engaged or proposes to be engaged, (b) the execution, delivery and performance by it of its obligations hereunder have been duly authorized by all necessary actions and will not contravene its organizational documents, violate any legal requirement, require any filing with (or the approval of) any governmental authority, require the consent of any person (other than those lawfully obtained prior to the date hereof) and will not result in a breach or constitute a default under any material contractual obligation to which it is a party or by which its properties are bound, (c) this Note has been duly executed and delivered and constitutes the legal, valid and binding obligation of the Obligor, enforceable against it in accordance with its terms except as such enforcement may be limited by general principles of equity and applicable bankruptcy, insolvency and similar legal requirements affecting creditors' rights and remedies generally.

If (i) the Obligor shall fail to make the payment by the Due Date, (ii) the Obligor shall fail to comply with any covenant set forth above (or any other provision hereof or thereof)

or any of the representations and warranties set forth above shall be untrue when made (unless, in each case, such failure is cured within 30 days of the occurrence thereof), or (iii) the Obligor shall, or shall take any corporate action to obtain authorization to, (1) make an assignment for the benefit of its creditors, (2) generally not pay its debts as they become due or (3) petition, apply, consent or be party to any voluntary or involuntary proceeding under (or any decree or order for relief in respect of the Obligor, including, without limitation, a winding up, dissolution or split-up of the Obligor, shall be entered under) any bankruptcy, reorganization, compromise, arrangement, insolvency, readjustment of debt, dissolution, liquidation or similar legal requirements and, in the case of any such proceeding against (but not instituted by) the Obligor, such proceeding shall remain undismissed or unstayed for 45 days or any of the actions sought therein shall occur, or (iv) any interest in all or substantial part of the assets of the Obligor are condemned, seized or appropriated by any governmental authority, (v) any provision of this Note shall cease to be valid, binding or enforceable, (vi) one or more final, non-appealable material judgments or orders shall be entered against the Obligor in excess of $100,000.00, or (vii) any event or condition shall exist if the effect of such event or condition is to permit any indebtedness of the Obligor (other than the Tax Distribution Obligation) in excess of $100,000.00 to be accelerated and become due prior to the maturity date thereof (each an "*Event of Default*"), *then*, immediately upon notice from the Holder (except in the case of *clause (iii)* above, in which case no such notice shall be required hereunder) the entire Principal Amount, together with all interest accrued to such date and any other amounts owing hereunder shall immediately become due and payable. Each remedy of the Holder shall be cumulative and not exclusive, and no failure to exercise, and no delay in exercise, or single or partial exercise of, any right or remedy of the Holder, shall preclude any further or other exercise of any right or remedy thereof.

The Obligor agrees to indemnify the Holder from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits and reasonable, documented, out-of-pocket cost, expenses and disbursements of any kind or nature whatsoever which may be imposed on, incurred by, or asserted against the Holder or its affiliates or any of their respective stockholders, directors, officers, agents, attorneys, trustees and employees, or any of their successors and assigns (collectively, the "*Indemnitees*") in any way relating to or arising out of this Note (other than the preparation thereof) or any related transaction (whether actual or proposed), or any action taken or omitted by the Holder hereunder; provided, that the Obligor shall not be liable for any portion of such liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements resulting from the gross negligence or willful misconduct of such Indemnitee as determined in a final, non-appealable judgment by a court of competent jurisdiction. This paragraph shall survive the repayment of this Note.

Demand, diligence, presentment, protest, notice of dishonor and notice of non-payment are hereby waived by the Obligor. This Note (i) shall be deemed to have been issued under, and shall be governed by and construed in accordance with, the laws of the State of New York, (ii) has been executed in the English language, and the English text shall prevail over any translation, (iii) is for the exclusive benefit of the parties hereto and their successors (and, if permitted, assigns) and constitutes the entire agreement of such parties, superseding all prior agreements among them, with respect to the subject matter hereof, (iv) may be modified, waived or assigned only by a writing signed by the Holder and the Obligor (and any attempt to assign this Note without such writing shall be null and void), (v) may be executed in counterparts, which may be transmitted by fax or e-mail and which, together, shall constitute one and the same instrument and (vi) is a negotiated document, entered into freely among the parties upon advice of their own counsel, and it should not be construed against any of its drafters. The fact that any term or provision of this Note is held invalid, illegal or unenforceable as to any person in any situation in any jurisdiction shall not affect the validity, enforceability or legality of the remaining

PROMISSORY NOTE OF LIBERTAS COPPER, LLC

terms or provisions hereof or the validity, enforceability or legality of such offending term or provision in any other situation or jurisdiction or as applied to any person. Each party hereto hereby irrevocably submits to the non-exclusive jurisdiction of the courts located in the City of New York, Borough of Manhattan (and the appropriate appellate courts) and hereby irrevocably and unconditionally (x) waives (1) any objection to the laying of venue in any such court for any claim, action or proceeding directly or indirectly with respect to, arising out of or relating to this Note or the actions of the parties hereto or any of their affiliates or representatives in the negotiation, performance or enforcement of this letter agreement or the Tax Distribution Obligation and **(2) any right to trial by jury with respect to any such claim, action or proceeding** and (y) consents to service of process in any such action or proceeding by, in addition to any other means otherwise permitted by law, the mailing of copies of such process at its address specified herein.

[SIGNATURE PAGES FOLLOW]

IN WITNESS WHEREOF, the Obligor has caused this Note to be executed and delivered by its duly authorized officer as of the day and year and at the place set forth above.

LIBERTAS COPPER, LLC

By: _____
Name: John Harrington
Title: Chief Executive Officer

Address for Notices:

100 Washington Street
Leetsdale, PA 15056

ACCEPTED AND AGREED
AS OF THE DATE FIRST ABOVE WRITTEN:

OCTALUNA III, LLC
By:  Patriarch Partners XV, LLC,
its Managing Member

By: _____
Name: Lynn Tilton
Title:   Manager

Address for Notices:

One Liberty Plaza, 35th Floor
New York, NY 10006

Case 1:20-cv-05547-ALC   Document 1-1   Filed 07/17/20   Page 19 of 30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

OCTALUNA III, LLC, and ARK II CLO 2001-1,
LTD.,

                         Plaintiffs,

-against-

LIBERTAS COPPER, LLC,

                         Defendant.

Index No. _____

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

Plaintiffs Octaluna III, LLC ("Octaluna III") and Ark II CLO 2001-1, Ltd. ("Ark II")

respectfully submit this memorandum of law in in support of their motion under Rule 3213 of

Civil Practice Law and Rules ("CPLR") for summary judgment in lieu of complaint against

Defendant Libertas Copper, LLC ("Libertas").

This is a straightforward collection action under CPLR § 3213 seeking enforcement of

clear payment obligations set forth in unambiguous, identical promissory notes that the parties

expressly agreed were executed in connection with certain mandatory tax distribution obligations

Libertas owed to Plaintiffs. Libertas consented to jurisdiction in New York and agreed that

Plaintiffs may use any and all procedures available to them under New York law[1] to enforce the

---

[1] The Notes provide that they "shall be deemed to have been issued and shall be governed by and construed in accordance with, the laws of the State of New York." Tilton Aff. ¶ 7, Ex. A at 2, ¶ 8, Ex. B at 2. Under the Notes, Libertas also submitted to the "jurisdiction of the courts located in the City of New York, Borough of Manhattan," and consented to service of process by "the mailing of copies of such process at its address specified" in the Notes. *Id.*, Ex. A at 3, Ex. B at 3. This court is therefore an appropriate venue for this action. Accordingly, Plaintiffs are entitled to proceed in New York pursuant to the procedures that govern actions in this forum.

agreements. *See* Affidavit of Lynn Tilton, dated June 22, 2020 ("Tilton Aff."), ¶ 7, Ex. A at 3–4, ¶ 8, Ex. B at 3–4.

## STATEMENT OF FACTS

Libertas is a Delaware limited liability company with its principal place of business in Leetsdale, Pennsylvania. Tilton Aff. ¶ 4. It does business as "Hussey Copper" and is a manufacturer of coppers and copper-nickel alloys. *Id*. Octaluna III is a Delaware limited liability company with its principal place of business in New York County, New York. *Id.* ¶ 5. Ark II is a Cayman Islands limited company with its principal place of business in New York County, New York. *Id*.

Libertas was obligated to make mandatory tax distributions to Octaluna III and Ark II for the 2018 tax period. Tilton Aff. ¶¶ 7, 8. In connection with these tax distributions, on June 28, 2019, Libertas executed two Promissory Notes ("Notes"), one in favor of Octaluna III and the other in favor of Ark II. Tilton Aff. ¶¶ 7, 8, Ex. A, Ex. B. The Notes reflect tax distribution amounts that Libertas was obligated to pay to Octaluna III and Ark II for tax periods in 2018. *Id.* ¶ 6. The Notes are signed by Libertas's Chief Executive Officer, John Harrington. *Id.* Ex. A at 4, Ex. B at 4. The terms in each note are identical, save for the holder and the principal amounts.

By the Notes, Libertas agreed to pay Octaluna III and Ark II the principal amounts "as part of the tax distribution amount due to Holder based on IRS Form K1 submitted for the tax periods January 1, 2018 to December 31, 2018." Tilton Aff. Ex. A at 1, Ex. B at 1. Specifically, Libertas agreed to pay Octaluna III the sum of $530,269, *id.* ¶ 7, Ex A. at 1, and agreed to pay Ark II the sum of $110,133. *Id.* ¶ 8, Ex. B at 1. According to the terms of the Notes, no interest would accrue on the unpaid principal prior to the "Due Date" of September 1, 2019. *Id.* ¶¶ 7, 8, Ex. A at 1, Ex. B at 1. Any principal amounts remaining unpaid as of September 1, 2019 would

2

Case 1:20-cv-05547-ALC   Document 1-1   Filed 07/17/20   Page 21 of 30

begin to accrue interest at "the prime rate (as published in the print version of the Wall Street Journal from time to time) plus three percent (3%) *per annum*, accruing daily." *Id.*

The parties further agreed that in the event of default, including where Libertas "shall fail to make the payment by the Due Date," then "the entire Principal Amount, together with all interest accrued to such date and any other amounts owing hereunder shall immediately become due and payable." Tilton Aff. ¶¶ 7, 8, Ex. A at 1–2, Ex. B at 1–2. Libertas also agreed to pay "all reasonable costs and expenses in connection with the . . . enforcement of or in commencing, defending or intervening in any litigation or in filing any pleading in legal proceedings relating to" the Notes, "including, without limitation, reasonable expenses of counsel." *Id.*, Ex. A at 1, Ex. B at 1.

Libertas failed to pay Octaluna III the entire principal sum of $530,269 as required on the Due Date. Tilton Aff. ¶ 10. Libertas also failed to pay Ark II the principal sum of $110,1133 as required on the Due Date. *Id.* As of June 17, 2020, Libertas has also failed to pay the accrued and outstanding interest of $37,739. *Id.* ¶ 12. Despite repeated demands for payment of both notes, Libertas has defaulted on its clear obligations. *Id.* ¶¶ 10, 11.

## ARGUMENT

Under CPLR § 3213, "[w]hen an action is based upon an instrument for the payment of money only . . . , the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." CPLR § 3213 applies to a "payment of money only" which is an "unconditional promise by defendant to pay plaintiff a sum certain over a stated period." *Solanki v. Pandya*, 269 A.D.2d 189, 189 (1st Dep't 2000).

A promissory note is an "instrument for the payment of money only within the meaning of CPLR 3213." *Bennell Hanover Assocs. v. Neilson*, 215 A.D.2d 710, 711 (2d Dep't 1995); *see*

Case 1:20-cv-05547-ALC   Document 1-1   Filed 07/17/20   Page 22 of 30

*also Alard, L.L.C. v. Weiss*, 1 A.D.3d 131 (1st Dep't 2003) ("Plaintiff was properly granted summary judgment in lieu of complaint in this action on a promissory note."). A prima facie case on enforcement of a promissory note "can be defeated only by proof demonstrating the existence of a triable issue of fact with respect to a bona fide defense." *Friends Lumber, Inc. v. Cornell Dev. Corp.,* 243 A.D.2d 886, 887 (3rd Dep't 1997). "Mere conclusions, unsubstantiated allegations, or expressions of hope are insufficient" to defeat the motion. *Fair v. Fuchs,* 219 A.D.2d 454, 456 (1st Dep't 1995) (citing *Zuckerman v. City of N.Y.*, 49 N.Y.2d 557 (1980)).

A prima facie case for summary judgment in lieu of complaint is set forth where the plaintiff establishes that the defendant (a) executed a promissory note containing an unconditional promise to pay a sum certain and (b) defaulted under the promissory note. *See Mehta v. Mehta*, 168 A.D.3d 716, 716 (2nd Dep't 2019); *Azteca v. Una Vez Mas San Francisco*, No. 653778/12, LLC, 2013 WL 3477136 (Sup. Ct. 2013) (citing *Seaman-Andwall Corp. v. Wright Mach. Corp.*, 31 A.D.2d 136, 137 (1st Dep't 1968)).

Further, where a promissory note provides that the maker shall pay the attorneys' fees, costs and expenses incurred by the holder in being forced to bring a suit for collection of the amounts due under the note, the holder is entitled to such an award. *See NARA Bank v NYC Visual Group, LLC*, No. 114361/10, 2011 WL 675244 (unpaginated) (Sup Ct February 17, 2011) (citing *AG Ship Maintenance Corp. v. Lezak*, 69 NY2d 1, 5 (1986)).

In this case, the Notes executed by Libertas represent unconditional promises to pay Plaintiffs sums certain by the Due Date of September 1, 2019, plus interest accruing on portions of the principal remaining unpaid after the Due Date. Although the obligations under the Notes became due on September 1, 2019, Libertas has not satisfied its obligations to Plaintiffs and is plainly in default under both Notes. Libertas has no bona fide defense for its failure to pay.

4

Thus, pursuant to the terms of the Notes, Octaluna III is now entitled to summary judgment for the $530,269 principal amount plus interest, and Ark II is entitled to summary judgment for the $110,133 principal amount plus interest. Octaluna III and Ark II are also entitled to an award for the reasonable attorneys' fees, costs and expenses incurred in asserting their rights under the Notes.

## CONCLUSION

Based on the foregoing, Plaintiffs Octaluna III and Ark II respectfully request that the Court (i) grant their motion for summary judgment in lieu of complaint, (ii) award judgment in favor of Octaluna III against Libertas in the principal amount of $530,269, plus total accrued interest; (iii) award judgment in favor of Ark II against Libertas in the principal amount of $110,133, plus total accrued interest; (iv) award Plaintiffs all attorneys' fees, costs and expenses incurred in connection with enforcing the Notes[2]; and (v) grant such other and further relief as this Court deems just and proper.

Dated:  New York, New York
   June 23, 2020

        **SHER TREMONTE LLP**

        By: /s/ Theresa Trzaskoma
          Theresa Trzaskoma
          Kimo S. Peluso
          Jennifer X. Luo
        90 Broad Street, 23rd Floor
        New York, New York 10004
        Tel: (212) 202-2600
        ttrzaskoma@shertremonte.com
        kpeluso@shertremonte.com
        jluo@shertremonte.com

        *Attorneys for Plaintiffs Octaluna III, LLC and Ark II*
        *CLO 2001-1, Ltd.*

---

[2] Upon request, Octaluna III and Ark II will provide details regarding the attorneys' fees, costs and expenses they have incurred in enforcing their rights under the Notes.

5

**REQUEST FOR JUDICIAL INTERVENTION**

UCS-840
(rev. 07/29/2019)

SUPREME _____ COURT, COUNTY OF NEW YORK

Index No: _____    Date Index Issued: _____

| | For Court Use Only: |
|---|---|

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

IAS Entry Date

Octaluna III, LLC and Ark II CLO 2001-1, Ltd.

Plaintiff(s)/Petitioner(s)

Judge Assigned

-against-

Libertas Copper, LLC

RJI Filed Date

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**    Check only one box and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ◉ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY**    Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):   ○ Residential   ○ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Tax Certiorari
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution    [see NOTE in COMMERCIAL section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**MATRIMONIAL**
- ○ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify): _____
- ○ Other Negligence (specify): _____
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see NOTE in COMMERCIAL section]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ○ | ◉ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ○ | ◉ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ◉ Notice of Motion    Relief Requested: Summary Judgment in Lieu of Complaint    Return Date: 07/24/2020
- ○ Notice of Petition    Relief Requested: _____    Return Date: _____
- ○ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ○ Other Ex Parte Application    Relief Requested: _____
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

**RELATED CASES**    List any related actions.  For Matrimonial cases, list any related criminal or Family Court cases.  If none, leave blank.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES**    For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Un-Rep | Parties (List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants (For represented parties, provide attorney's name, firm name, address, phone and email.  For unrepresented parties, provide party's address, phone and email.) | Issue Joined (For each defendant, indicate if issue has been joined.) | Insurance Carriers (For each defendant, indicate insurance carrier, if applicable.) |
|---|---|---|---|---|
| ☐ | Name: Octaluna III, LLC  Role(s): Plaintiff | Theresa Trzaskoma, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004; (212)202-2600; ttrzaskoma@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Ark II CLO 2001-1, Ltd.  Role(s): Plaintiff | Theresa Trzaskoma, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004; (212)202-2600; ttrzaskoma@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Octaluna III, LLC  Role(s): Plaintiff | Kimo S. Peluso, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004; (212)202-2600; kpeluso@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Ark II CLO 2001-1, Ltd.  Role(s): Plaintiff | Kimo S. Peluso, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004; (212)202-2600; kpeluso@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Octaluna III, LLC  Role(s): Plaintiff | Jennifer X. Luo, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004; (212)202-2600; jluo@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Ark II CLO 2001-1, Ltd.  Role(s): Plaintiff | Jennifer X. Luo, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004; (212)202-2600; jluo@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Libertas Copper, LLC  Role(s): Defendant | 100 Washington Street, Leetsdale, PA 15056 | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _____06/23/2020_____

_____
Signature
Theresa Trzaskoma

_____2978864_____
Attorney Registration Number

_____
Print Name

Print Form

UCS-840C
3/2011

**SUPREME COURT OF THE STATE OF NEW YORK**

COUNTY OF __New York__

_____x          Index No. _____

Octaluna III, LLC, and Ark II CLO 2001-1, Ltd.                    RJI No. (if any) _____

_____
                                    Plaintiff(s)/Petitioner(s)

-against-
Libertas Copper, LLC
                                                                        **COMMERCIAL DIVISION**
_____          **Request for Judicial Intervention Addendum**
                                    Defendant(s)/Respondent(s)
_____x

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

[X] Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

[ ] Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)

[ ] Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

[ ] Shareholder derivative actions — without consideration of the monetary threshold

[ ] Commercial class actions — without consideration of the monetary threshold

[ ] Business transactions involving or arising out of dealings with commercial banks and other financial institutions

[ ] Internal affairs of business organizations

[ ] Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

[ ] Environmental insurance coverage

[ ] Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)

[ ] Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold

[ ] Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

$ 640,402
_____

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

Plaintiffs respectfully request that the Court grant their motion for summary judgment in lieu of complaint and award judgment in favor of Plaintiffs based on Defendant's failure to satisfy its obligations on two promissory notes held by Plaintiffs. Plaintiffs seek judgment for the principal sum of $640,402, plus accrued interest, and all attorneys' fees, costs, and expenses they have incurred in enforcing the notes.

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).**

Dated: __06/23/2020__                               _____
                                                                        **SIGNATURE**

                                                                        **THERESA TRZASKOMA**
                                                                        _____
                                                                        **PRINT OR TYPE NAME**

Case 1:20-cv-05547-ALC   Document 1-1   Filed 07/17/20   Page 27 of 30

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

OCTALUNA III, LLC, and ARK II CLO 2001-1,
LTD.,

                               Plaintiffs,

    -against-

LIBERTAS COPPER, LLC,

                               Defendant.

Index No. 652656/2020

Hon. O. Peter Sherwood
Commercial Division Part 49

**NOTICE OF APPEARANCE**

      **PLEASE TAKE NOTICE** that Kimo S. Peluso of the law firm Sher Tremonte LLP,

with offices located at 90 Broad Street, 23rd Floor, New York, New York 10004, hereby appears

as counsel on behalf of Plaintiffs Octaluna III, LLC and ARK II CLO 2001-1, Ltd. in the above-

captioned matter and requests that all documents served or filed in this action be served upon

Kimo S. Peluso on behalf of said Plaintiffs.

      I hereby certify that I am admitted to practice before this Court.

Dated:  New York, New York
         July 1, 2020

                              SHER TREMONTE LLP

                              By: /s/ Kimo S. Peluso
                                 Kimo S. Peluso
                               90 Broad Street, 23rd Floor
                               New York, New York 10004
                               Tel: (212) 202-2600
                               kpeluso@shertremonte.com

                               *Attorneys for Plaintiffs Octaluna III, LLC and*
                               *ARK II CLO 2001-1, Ltd.*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

OCTALUNA III, LLC, and ARK II CLO 2001-1,
LTD.,

                                   Plaintiffs,

           -against-

LIBERTAS COPPER, LLC,

                                   Defendant.

Index No. 652656/2020

Hon. O. Peter Sherwood
Commercial Division Part 49

**NOTICE OF APPEARANCE**

 

**PLEASE TAKE NOTICE** that Jennifer X. Luo of the law firm Sher Tremonte LLP,

with offices located at 90 Broad Street, 23rd Floor, New York, New York 10004, hereby appears

as counsel on behalf of Plaintiffs Octaluna III, LLC and ARK II CLO 2001-1, Ltd. in the above-

captioned matter and requests that all documents served or filed in this action be served upon

Jennifer X. Luo on behalf of said Plaintiffs.

     I hereby certify that I am admitted to practice before this Court.

Dated:  New York, New York
        July 1, 2020

                         SHER TREMONTE LLP

                         By: /s/ Jennifer X. Luo
                             Jennifer X. Luo
                             90 Broad Street, 23rd Floor
                             New York, New York 10004
                             Tel: (212) 202-2600
                             jluo@shertremonte.com

                             *Attorneys for Plaintiffs Octaluna III, LLC and*
                             *ARK II CLO 2001-1, Ltd.*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

OCTALUNA III, LLC, and ARK II CLO 2001-1, LTD.

        Plaintiffs,

  -against-

LIBERTAS COPPER, LLC

        Defendant.

Index No. 652656/2020

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
COUNTY OF QUEENS  )

The undersigned, being duly sworn, deposes and says:

  1.  I, Jeanine Kelley, am not a party to this action, am over 18 years of age, and am employed at Sher Tremonte LLP, 90 Broad Street, 23rd Floor, New York, New York 10004.

  2.  That on June 23, 2020, I served one (1) true copy of the within:

    **a.**  **SUMMONS AND 3213 MOTION W/ RJI (Dkt. 1);**

    **b.**  **NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT (Dkt. 2);**

    **c.**  **AFFIDAVIT OF LYNN TILTON with EXHIBITS A, B (Dkts. 3–5);**

    **d.**  **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT (Dkt. 6);**

    **e.**  **RJI – RE: NOTICE OF MOTION (Dkt. 7);**

    **f.**  **ADDENDUM – COMMERCIAL DIVISION (840C) (Dkt. 8); and**

    **g.**  **NOTICE OF COMMENCEMENT;**

upon Defendant Libertas Copper, LLC at the following address:

      100 Washington Street
      Leetsdale, PA 15056

1

by **United States Certified Mail Return Receipt Requested** by depositing the same in a post-paid, properly addressed envelope in an official depository of the United States Post Office, in Flushing, State of New York, for processing under the exclusive care and custody of the United States Postal Service.

Jeanine Kelley

Sworn to before me this 26th day of June, 2020

Notary Public

THERESA TRZASKOMA
Notary Public, State of New York
No. 02TR6123000
Qualified in King County
Commission Expires Feb. 28, 2017

2